**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURTIS J. YARBOROUGH,** | Civil Action No. 18-2688 (ES) (MAH) |
| Plaintiff, | **OPINION** |
| v. | |
| **NATASHA JOHNSON, et al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Ivelisse Abreu's Motion to Dismiss Plaintiff Curtis J. Yarborough's ("Plaintiff's") Complaint (D.E. No. 1 ("Compl.")). (D.E. No. 8). Defendants Natasha Johnson, Patricia Risch, and the Department of Human Services joined the Motion to Dismiss on April 19, 2018. (D.E. No. 9). The Court has considered the parties' submissions and rules on the motion without oral argument. *See* D.N.J. Civ. R. 78.1(b); *see also* Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is GRANTED.

**I.   Factual Background**

The Complaint is not a model of clarity but contains sufficient information for the Court to conclude that Plaintiff is under a New Jersey state-court child support obligation. (*See, e.g.*, Compl. § III(C) ("[T]he defendants deceived . . . me by saying . . . I had to pay for [my] child . . . ."); *id.* § IV ("$404 dollars of my income is being taken monthly . . . .")). Plaintiff alleges that the defendants "violated his 4th, 5th, and 14th Amendment rights by forcing" that child support obligation on him and failing to "warn . . . of the legal consequences." (*See id.* § III(C)). The Court, therefore, construes the Complaint as an attempt to challenge the constitutionality of the

1

child support obligation under 42 U.S.C. § 1983. (*See id.*; *see also* D.E. No. 7 (citing 42 U.S.C. § 1983)).[1]

## II. Legal Standards

### A. Younger Abstention

Abstention from the exercise of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* abstention is "fully applicable" to civil state judicial proceedings "when important state interests are involved." *Id.* at 432.

The Court of Appeals for the Third Circuit has "articulated three requirements which must be met before a federal court may properly invoke the *Younger* abstention doctrine: '(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 173 (3d Cir. 1992) (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). The Court of Appeals has specifically ruled that abstention was proper when a plaintiff raised a constitutional challenge to a New Jersey state-court child support obligation. *See, e.g.*, *DiPietro v. New Jersey Family Support Payment Ctr.*, 375 F. App'x 202, 204–05 (3d Cir. 2010).

---

[1] On April 10, 2018, Plaintiff filed a "notice to amend [the] complaint . . . pursuant to Fed. R. Civ. P. 15(a)(1)(A)" because he "made a mistake while filling out the cover sheet . . . by writing in 8 U.S.C. 1324c by mistake." (D.E. No. 7). He originally "meant to write in 28 U.S.C. § 1331," which Plaintiff in his notice was "changing . . . to 28 U.S.C. § 1331, 28 U.S.C. § 139l(a)(l)(b)(l)(c) and 42 U.S.C. § 1983." (*Id.*).

The Court accepts Plaintiff's amendment. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). But the Court observes that Plaintiff's invocation of those general jurisdictional (28 U.S.C. § 1331) and venue (28 U.S.C. § 139l) statutes in place of 8 U.S.C. § 1324 does not affect the Court's analysis of Plaintiff's 42 U.S.C. § 1983 claim. *See infra*, Section III.

"Strictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)," *see Knox v. Union Twp. Bd. of Educ.*, No. 13-5875, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015), but "[d]ismissal on abstention grounds without retention of jurisdiction is *in the nature of* a dismissal under Fed. R. Civ. P. 12(b)(6)," *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992) (emphasis added). Accordingly, "courts in this District have treated [a motion to dismiss on the basis of] *Younger* abstention as a Rule 12(b)(6) motion to dismiss," *see, e.g.*, *Tobia v. Lakewood Bd. of Educ.*, No. 16-4850, 2017 WL 1206010, at *3 (D.N.J. Mar. 31, 2017), "in that matters outside of the pleadings are not to be considered," *see Knox*, 2015 WL 769930, at *5 n.7. Therefore, in determining whether the Court may dismiss the Complaint on the basis of *Younger* abstention, the Court will not consider matters outside the pleadings. *See id.*

### III. Analysis

The defendants submit, among other arguments, that "[t]he Court should abstain . . . as there is an ongoing state court proceeding." (*See generally* D.E. No. 8-2 at 8–11). Because the Court agrees, the Court need not consider Defendants' remaining arguments. *See, e.g.*, *Hayes v. Rogers*, No. 07-3774, 2008 WL 2025145, at *3 (D.N.J. May 8, 2008).

#### A. *Younger* Abstention

As observed above, the Court of Appeals has "articulated three requirements which must be met before a federal court may properly invoke the *Younger* abstention doctrine." *See Port Auth.*, 973 F.2d at 173. The Court examines each in turn.

#### 1. Ongoing State Proceedings

A person under a New Jersey state-court child support obligation "is party to an open case that will not terminate until the child support order is finally discharged." *Anthony v. Council*,

316 F.3d 412, 420 (3d Cir. 2003). "New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order." *DiPietro*, 375 F. App'x at 205 (citing *Anthony*, 316 F.3d at 419). Hence in *Dixon v. Kuhn*, for instance, a New Jersey "state court entered an order requiring [the plaintiff] to make [child support] payments" and the Court of Appeals ruled that those proceedings were, "beyond a doubt, 'ongoing.'" 257 F. App'x 553, 554–55 (3d Cir. 2007); *see also Anthony*, 316 F.3d at 419 (rejecting the argument that "not currently appearing or [being] scheduled to appear in any particular child support hearing" means "there is no 'ongoing' or 'pending' proceeding").

Here, the first prong of the *Younger* doctrine has been met. Plaintiff alleges that "the defendants deceived . . . [him] by saying . . . [he] had to pay for [his] child" (Compl. § III(C)) and that "$404 dollars of [his] income *is* being taken monthly" (*id.* § IV (emphasis added); *see also id.* § III(C) ("I tried to settle out of court . . . .")). Therefore, Plaintiff "is party to an open case that will not terminate until [his] child support order is finally discharged." *See Anthony*, 316 F.3d at 420. And the proceedings to which Plaintiff has alleged he is party are "beyond a doubt, 'ongoing.'" *See Dixon*, 257 F. App'x at 555.

"Therefore, the first prong of the *Younger* doctrine has been met." *See, e.g.*, *Brunetta v. Testa*, No. 09-5229, 2010 WL 1491413, at *3 (D.N.J. Apr. 13, 2010).

### 2. Important State Interest

"New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations." *Anthony*, 316 F.3d at 421. "[T]here is no question that state child support proceedings implicate important state interests." *DiPietro*, 375 F. App'x at 205. Hence "[i]t is pellucid that the state proceedings here implicate important state interests . . . and the second element of the *Younger* criteria has been met." *See Dixon*, 257 F. App'x at 556.

### 3. Opportunity to Raise Claims

Finally, "[t]here is a general presumption that a plaintiff can present his federal claims in [a] related state court proceeding unless he argues otherwise." *Brunetta*, 2010 WL 1491413, at *3 (citing *Pennzoil v. Texaco,* 481 U.S. 1, 17 (1987)). Here, "Plaintiff has done nothing to rebut this presumption," *see id.*, and Plaintiff "ha[s] offered no reason why [his] claims could not be fully heard by New Jersey courts," *see Anthony*, 316 F.3d at 422. To the contrary, Plaintiff "ha[s] the opportunity to raise [his] claims in any child support hearing and to appeal adverse decisions through the [New Jersey] state appellate system and eventually to the United States Supreme Court." *See id.* (citing 28 U.S.C. § 1257); *DiPietro*, 375 F. App'x at 205 (citing *id.*).

Accordingly, "the requirements for abstention are met here" and abstention is "proper in this case." *See, e.g.*, *DiPietro*, 375 F. App'x at 205; *Dixon*, 257 F. App'x at 556; *see also Brunetta*, 2010 WL 1491413, at *4 ("[I]t is not within the Court's discretion to disregard the [abstention] doctrine.").[2]

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss *without prejudice*. An appropriate Order will accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] The Court notes that there is no evidence of "bad faith, harassment or other extraordinary circumstance[s]" in this case. *See, e.g.*, *Anthony*, 316 F.3d at 422–23.

5